**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA<br><br>PLAINTIFF<br><br>vs.<br><br>ED CONTRACTORS, USA., et. al<br><br>Defendant | CIVIL NO. 19--CV-02017 (ADC)<br><br>RE:  INDEMINITY ACTION |

**SPECIAL APPEARANCE REQUESTING DISMISSAL FOR INSUFFICIENCY OF SERVICE OF PROCESS,
OR IN THE ALTERNATIVE,
MOTION TO QUASH SERVICE OF PROCESS**

**TO THE HONORABLE COURT:**

COMES NOW, Co-Defendant, EDC INC. ("EDC"), enters a special appearance, **without submitting itself to the jurisdiction of this Court**, and without waiving any defense, and reserving all rights in equity and law, moves the Court to dismiss the Complaint pursuant to FRCP 12(b)(5), for insufficiency of service of process:

**I.  Introduction**

On October 25, 2019, Plaintiffs filed the Complaint against several parties, including EDC. (Docket 1). On October 28, 2019, Summons was Issued as to EDC. (Docket 4). On January 15, 2020, Plaintiff filed a motion informing the Court that they had allegedly served summons upon EDC in compliance with Article 13.13 of Puerto Rico's Corporate Law, 14 LPRA sec. 3813, by delivering it to the Puerto Rico Department of State. (Docket 7).

As explained herein, through a special appearance and without submitting to the jurisdiction of the Court, EDC moves the Court to dismiss the Complaint pursuant to FRCP 12(b)(5), for insufficiency of service of process. In the alternative, EDC requests the court to quash the service of process.

**II.   Discussion**

**A.   Dismissal under FRCP 12(b)(5)**

Federal Rule of Civil Procedure 12(b)(5) allows a party to file a motion to dismiss for insufficient service of process. A motion filed under said provision addresses, in particular, the delivery or the lack of delivery of the summons and the complaint. See Ramirez De Arellano v. Colloides Naturels Intern., 236 F.R.D. 83, 85 (2006) (*citing* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 at 276.). The party raising the insufficiency of service has, in turn, the absolute burden of specifically establishing to the Court how plaintiff failed to satisfy the requirements of the service provision utilized. Id.

Insofar as FRCP has to do with insufficiency of process, and that Plaintiffs are relying on Puerto Rico law to claim that EDC was properly served (Docket 7), in analyzing whether dismissal is proper one must turn to Puerto Rico's Corporate law and FRCP 4.

**B.   Improper and Inadequate Service of Process to Foreign Corporation through Puerto Rico's Department of State.**

EDC is a foreign corporation that was improperly included as codefendant in the captioned case. Plaintiff claims that proper service of process was performed upon EDC through a simple delivery of the summons to the Puerto Rico Department of State. Plaintiff incorrectly relies on Article 13.13 of Puerto Rico's Corporate Law.

Puerto Rico's Corporate Law, 14 L.P.R.A. § 3813, et seq., allows a service of summons directed to a foreign corporation **only if it is authorized to do business in Puerto Rico**, **or has done business in Puerto Rico unauthorized.** Nonetheless, EDC is neither authorized to do business in Puerto Rico, nor has it done business in Puerto Rico without authorization.

The Puerto Rico Law of Corporations states:

> *Service of process on a nonqualifying foreign corporation:*
>
> *(a)  Any foreign corporation **doing business in the Commonwealth without having authorization to do so** pursuant to § 3801 of this title, shall be deemed to have thereby appointed and constituted the Secretary of State as its agent for the acceptance of legal process in any action, suit or proceeding against it in any court of the Commonwealth arising or growing out of any business transacted by it within the Commonwealth. The transaction of business in the Commonwealth by such corporation shall be a signification of the agreement of such corporation that any such process when so served shall be of the same legal force and validity as if served upon an authorized officer or agent personally within the Commonwealth.*
>
> *(b)  **The provisions of § 3805 of this title shall not apply in determining whether any foreign corporation is transacting business in the Commonwealth within the meaning of this section.** Whenever used in this section, the terms "the transaction of business" or "business transacted in the Commonwealth", by any such foreign corporation shall mean the course or practice of carrying on any business activities in the Commonwealth, including, without limiting the generality of the foregoing, the solicitation of business or orders in the Commonwealth. The provisions of this section shall not apply to any insurance company doing business in the Commonwealth.*
>
> *(c)  **In the event of service upon the Secretary of State, the Secretary of State shall be responsible for notifying the corporation thereof by certified mail**, return receipt requested, directed to the corporation at the address furnished to the Secretary of State by the plaintiff in such action, suit or proceeding, together with a copy of the process and any other papers served upon the Secretary of State. It shall be the duty of the plaintiff in the event of such service to serve process and any other papers in duplicate to the Secretary of State, to notify the Secretary of State that service is being made pursuant to this section, and to pay the Secretary of State the fees payable established in Chapter 237 of this subtitle, which sum shall be paid as a part of the costs in the action, suit or proceeding if the plaintiff shall prevail therein. The Secretary of State shall maintain an alphabetical record of any such process setting forth the name of the plaintiff and defendant, the title, docket number and nature of the proceeding in which the process has been served, the return date thereof, and the day and hour when the service was made. The Secretary of State shall not be required to retain the information contained in such record of process for a period longer than five (5) years from receipt of the service of process.  [Emphasis supplied].*

14 LPRA sec. 3813.

EDC is a foreign corporation, organized under the laws of the State of Florida, which has never done any business in Puerto Rico, has no minimum contacts with Puerto Rico, nor it has been authorized to do business in Puerto Rico. Insofar as EDC is neither authorized to do business in Puerto Rico, nor has it conducted any business in Puerto Rico, it cannot be served

with summons as per Article 13.13 of Puerto Rico's Corporate Law, through the Secretary of the Department of State of Puerto Rico. The contrary would allow Plaintiff to circumvent the due process afforded by the Federal Rules of Civil Procedure and the U.S Constitution.

A defendant corporation has a constitutional right to due process and be reasonable informed of any legal action against it and that such service be reasonably structured to assure that it is received. <u>Armstrong v. Manzo</u>, 380 U.S. 545, 552 (1965); <u>Goldberg v. Kelly</u>, 397 U.S. 254, 271 (1970). Plaintiff has not provided any evidence to the Court that EDC is authorized to do business in Puerto Rico, or that has any minimum contacts in this jurisdiction, to support its unwarranted contention that service of process can be performed through delivering the summons to the Secretary of Department of State of Puerto Rico.

On the other hand, FRCP 4(h) of the Federal Rules of Civil Procedure provides other mechanisms (aside from Puerto Rico law) by which service of process may be effectively made to a domestic or foreign Corporations, and Plaintiff chose not comply with it.

FRCP 4(h) states in its pertinent part that:

> "a foreign corporation that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—***if the agent is one authorized by statute*** and the statute so requires—by also mailing a copy of each to the defendant; or
>
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)". [Emphasis supplied]

Since Codefendant corporation does not qualify as an entity that does business in Puerto Rico, the service of process through the Department of State is invalid. EDC failed to certify that it was not able to served summons upon EDC by any of the above allowed methods by the

4

statute. Hence, the Complaint should be dismissed pursuant to FRCP 12(b)(5). In the alternative, the service of process should be quashed.

Inasmuch as Puerto Rico's Corporate law only allows service of process upon foreign corporations that "do business" in Puerto Rico (either authorized or unauthorized), the question as to what corporate activities constitute 'doing business' in jurisdictions other than the state of incorporation has been the subject of a long line of decisions in the State and Federal Courts and in the courts of the Commonwealth. Insofar as the 'due process' requirement of the Federal Constitution, U.S.Const. Amend. 14 are concerned, the leading cases are <u>International Shoe Co. v. State of Washington</u>, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, and <u>McGee v. International Life Insurance Company</u>, 1957, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223. The standards set by International Shoe and followed in McGee are as follows:

> '* * * due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." 326 U.S. 316, 66 S.Ct. 158.
>
> 'Since the corporate personality is a fiction * * * it is clear that unlike an individual its 'presence' without, as well as within, the state of its origin can be manifested only by activities carried on in its behalf [*487] by those who are authorized to act for it.' Id.
>
> "Presence' (in a state) has never been doubted when the activities of the corporation there have not only been continuous and systematic, but also give rise to [**4] the liabilities sued on, even though no consent to be sued or authorization to an agent to accept service of process has been given.' 326 U.S. 317, 66 S.Ct. 159.
>
> 'It is evident that the criteria by which we mark the boundary line between those activities which justify the subjection of a corporation to suit; and those which do not, cannot be simply mechanical or quantitative. The test is not merely, as has sometimes been suggested, whether the activity, which the corporation has seen fit to procure through its agents in another state, is a little more or a little less. St Louis S.W.R. Co. (of Texas) v. Alexander, supra (227 U.S. 218), 228 (33 S.Ct. 245, 248, 57 L.Ed. 486); International Harvester Co. (of America) v. (Commonwealth of) Kentucky, supra (234 U.S. 579), 587 (34 S.Ct. 944, 946, 58 L.Ed. 1479). Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure'.

<u>International Shoe Co. v. State of Washington</u>, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed.

95. The Supreme Court of Puerto Rico, in <u>Schwartz v. District Court</u>, 73 P.R.R. 800 (1952) adopted the rules announced in International Shoe, referring to the decision as a 'realistic concept.'[1]

In the First Circuit, a finding of minimum contacts requires that: (1) the litigation must directly arise out of, or relate to the defendant's forum state activities; (2) the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby making the defendant's involuntary presence before the state courts foreseeable; and (3) the exercise of jurisdiction must be reasonable. <u>Borshow</u>, supra, at 483.

EDC has no connection to the captioned case, nor to the construction project at issue, and it has no minimum contacts with Puerto Rico, not even through its officers or directors. While the President of the Corporation has other business in Puerto Rico through other entities, it doe not create contacts between EDC and Puerto Rico, as The Puerto Rico Supreme Court has held, that a foreign corporation is not present in Puerto Rico for purposes of making a personal service of summons, even when the president of said corporation visits Puerto Rico on activities unrelated to the corporation. See <u>Peguero v. Pellot</u>, 139 D.P.R. 487(1995).

Not even by having acted as co-guarantor or indemnitor of assets in Puerto Rico, did it constitute for EDC doing business in Puerto Rico. Article 13.05, § 3805. of the Law of Corporations of Puerto Rico governs the activities of foreign corporations that do not constitute business transactions for doing business in Puerto Rico, as follows:

---

[1] In diversity cases, the long arm statute of the forum state delineates the outer boundaries of jurisdictional power of the state or federal court located in that jurisdiction. So as long as the statute does not offend the due process requirements of the Fourteenth Amendment, its invocation renders the party subject to the power of the courts. *Borchow Hospitals & Medical Supplies, Inc. v. Burdick-Siemens Corp*. 143 FRD 472, 481-482, (1992).

> *§ 3805. Activities not constituting business transactions in the Commonwealth*
> *(a)  The following activities, without this list being thorough, shall not constitute doing business transactions in the Commonwealth:*
> *    (1)  Initiate, defend or settle any judicial process.*
> *    (2)  Conduct meetings of the board of directors, or shareholders, or other activities related to the internal corporate affairs.*
> *    (3)  Have bank accounts.*
> *    (4)  Keep offices and agencies for the transfer, exchange, and registration of the corporation's own securities or keep trustees or depositories with respect to such securities.*
> *    (5)  Sell through independent contractors.*
> *    (6)  Request or obtain orders, whether by mail or by employees or agents or otherwise, if such orders are to be accepted outside of the Commonwealth before the contractual obligation arises.*
> *    (7)  Create or acquire debts, mortgages, or real property securities.*
> *    **(8)  Guaranty or collect debts or foreclose on mortgages, or securities on the properties which guaranty such debts.***
> *    (9)  Own title to real or personal property.*
> *    (10)  Conduct an isolated transaction which is completed within a thirty (30)-day period, which is not part of a series similar in nature.*
> *(b)  The provisions of this section shall not govern in determining whether a foreign corporation is subject to service of process and being sued in the Commonwealth pursuant to § 3811 of this title or any other law of the Commonwealth. Furthermore, these provisions shall not govern in determining whether a corporation is engaged in trade or business in the Commonwealth to establish its tax liability under the Income Tax Act of 1954 or the Puerto Rico Internal Revenue Code of 1994, as the case may be.*

Even the personnel of the Department of State of Puerto Rico that received the summons at issue, certified that EDC is not registered to do business in Puerto Rico, and also stated that the summons was delivered to the Department of State by mistake, or "inadvertently". See **EXHIBIT 1,** where the Department of State expressed:

> *"On January 14, 2020 we received a summons (**I assume inadvertently**) regarding the corporation EDC, Inc. It arises from our Registry of Corporations that said corporation does not appear registered as a domestic corporation; neither as a foreign corporation doing business in Puerto Rico.*
> *At your service for doubts."*
> *Atty. Samuel Wiscovitch Coralí*
> *Deputy Secretary Services and Government.* [Emphasis supplied].

Given that EDC conducts no business or activities, directly or indirectly, in Puerto Rico, and that EDC lacks the minimum contacts with Puerto Rico, quash of service is proper

7

for the summons delivered to the Department of State of Puerto Rico. EDC has not received any letter from the Puerto Rico Department of State with the summons or Complaint in this matter. Hence, that is another requirement of Puerto Rico's corporate law that Plaintiff failed to meet.

Moreover, defendants were not served within 90 days per Rule 4, so dismissal is proper. Pursuant to Fed. R. Civ. P. 12(b)(5), a defendant may move to dismiss a complaint for insufficient service of process, which courts have construed to incorporate failure to serve within 90 days of Rule 4. See <u>Serra v. Banco Santander P.R</u>., 747 F.3d 1 (1st Cir. 2014).

Federal Rule of Civil Procedure 4(m), which governs the timing of service, provides on its pertinent part that if a defendant is not served within 90 days after the complaint is filed, the court-on motion or on its own, after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

In the Instant case, Plaintiff failed to serve properly through personal service and then just relied at the last minute to serve through Department of State of PR, surpassing the period of 90 days in Fed, Rule 4(m).

Plaintiff's defective and insufficient service through the Department of State of Puerto Rico for a foreign corporation that does NOT engage in any business in Puerto Rico, nor is authorized to do so, constitutes a violation of FRCP 4, and because no personal service was completed within the 90 days of the Rule, the action is subject to dismissal because the Court lost jurisdiction. See <u>Sanchez Rodriguez v. Administracion de Correccion</u>, 2009 TSPR 186. See also <u>MCI Telecomms. Corp. v. Teleconcepts, Inc</u>., 71 F.3d 1086, 1098 (3d Cir. 1995); <u>Krieger v. Russell</u>, 267 F.R.D. 453,454 (D. Del. 2010).

**WHEREFORE**, EDC, through its special appearance, and for the limited purpose of challenging service of process, respectfully requests dismissal pursuant to FRCP 12(b)(5), or in the alternative, an order quashing and/or invalidating the service of process made by Plaintiff through the Department of State of Puerto Rico.

**RESPECTFULLY SUBMITTED.**

I HEREBY CERTIFY that on this same date the foregoing was electronically filed with the Clerk of the Court using the CM/ECF System, which upon information and belief will notify all participants and/or parties of record.

In San Juan, Puerto Rico, on this 4th day of February, 2020.

**COBIAN ROIG LAW OFFICES**
P.O. Box 9478
San Juan, Puerto Rico 00908-9478
Tel.: (787) 247-9448
Fax.: (787) 725-1542
eduardo@cobianroig.com

**/S EDUARDO J. COBIAN ROIG**
Eduardo J. Cobián Roig
USDC 226306